IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHELLE PETERS, | ) | |
| | ) | No. 21 C _____ |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **JURY DEMAND** |
| | ) | |
| MUNDELEIN CONSOLIDATED HIGH SCHOOL DISTRICT NO. 120 | ) ) | |
| | ) | |
| Defendant. | ) | |

**COMPLAINT**

Plaintiff Michelle Peters (Plaintiff), through her attorneys, KULWIN, MASCIOPINTO & KULWIN, L.L.P., respectfully submits her complaint against defendant Mundelein Consolidated High School District No. 120 ("Mundelein High School").

**Nature of the Action**

1. This action is brought against Mundelein High School for discriminating and retaliating against Plaintiff based on her disability in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101.

2. Plaintiff seeks actual, compensatory and statutory damages arising out of and related to Defendant's unlawful conduct, including an award of reasonable attorneys' fees, costs and expenses.

1

## Parties, Jurisdiction and Venue

3. Plaintiff was hired to work for Mundelein High School in 2001.

4. Mundelein High School is a comprehensive one-building school district housing grades 9-12 serving the needs of 2,033 students from Mundelein and surrounding communities.

5. Mundelein High School operated and did business within the venue and jurisdiction of this district and is an employer under the ADA.

6. Mundelein High School employs approximately 100 people.

7. During the relevant time period, Mundelein High School employed Plaintiff as a Special Education teacher.

8. Jurisdiction is proper under 28 U.S.C. §§ 1331 and 1343.

9. Plaintiff files this complaint after the timely filing of a Charge of Discrimination with the Equal Employment Opportunity Commission, a copy of which is attached as Exhibit 1 and incorporated by reference.

10. Plaintiff filed this complaint pursuant to the Right to Sue Letter issued by the Equal Employment Opportunity Commission within the statutory time requirement, a copy of which is attached as Exhibit 2 and incorporated by reference.

11. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Plaintiff's claim arises out of incidents which occurred in this judicial district.

## Facts Applicable to All Claims

12. In 2001, Plaintiff was hired by Mundelein High School.

13. Most recently, Plaintiff has been employed by Mundelein High School as a Special Education teacher working with children with a variety of disabilities.

14. During the relevant time period, Plaintiff met or exceeded Mundelein High School's legitimate employment expectations.

15. Since 2012, Mundelein High School has been aware that Plaintiff suffers from a disability under the ADA.

16. Since 2012, Mundelein High School has regarded Plaintiff has having a disability under the ADA.

17. In or around November 2018, Plaintiff first requested and informed Mundelein High School she required reasonable accommodations.

18. Plaintiff's requests for reasonable accommodations would not cause Mundelein High School undue hardship.

19. On or about January 17, 2019, per the interactive process, Plaintiff and Mundelein High School officials met to discuss reasonable accommodations.

20. On or about January 22, 2019, Mundelein High School informed Plaintiff her requests for reasonable accommodations were denied.

21. Mundelein High School did not have legitimate non-discriminatory reasons for denying Plaintiff's requests for reasonable accommodations.

22. Mundelein High School did not honestly believe the reasons given for denying Plaintiff's requests for reasonable accommodations.

23. Plaintiff incurred costs and expenses, and was required to hire a lawyer, to contest and dispute Mundelein High School's denial of her requests for reasonable accommodations.

24. Between January 2019 and April 8, 2019, while Plaintiff's requests for reasonable accommodations were denied, Plaintiff was not working, was unpaid and was forced to use 44 days of earned benefit time.

25. On or about April 8, 2019, Mundelein High School finally agreed to grant Plaintiff the reasonable accommodations she requested.

26. However, Mundelein High School refused to compensate Plaintiff for her 44 sick days.

27. Since Plaintiff's requests for accommodations were made, Mundelein High School has retaliated against Plaintiff for engaging in protected activity under the ADA by, among other ways, disciplining and harassing Plaintiff.

## COUNT I
### (Violation of the ADA)

1-27. Plaintiff incorporates by reference the paragraphs above.

28. Under the ADA, it is a civil rights violation for employers to fail to provide reasonable accommodations for employees with disabilities or discriminate on the basis of disability in all bases of employment, including discipline.

29. At all relevant times, Plaintiff was an "employee" under the ADA.

30. At all relevant times, Mundelein High School was an "employer" under the ADA.

31. At all relevant times, Plaintiff was a qualified individual with a disability within the meaning of the ADA.

32. At all relevant times, Plaintiff had one or more physical and/or mental impairments within the meaning of the ADA that substantially limited one or more of her major life activities including, but not limited to, concentrating, thinking, communicating, breathing and working.

33. At all relevant times, Mundelein High School regarded Plaintiff as having one or more physical and/or mental impairments within the meaning of the ADA that substantially limited one or more of her major life activities.

34. At all relevant times, Plaintiff was qualified to perform the essential functions of her job within the meaning of the ADA.

35. At all relevant times, Plaintiff requested reasonable accommodations that would not cause undue hardship within the meaning of the ADA.

36. In violation of the ADA, Mundelein High School committed one or more of the following acts:

    a. Failed to make reasonable accommodations for Plaintiff;

    b. Failed to engage in any or a timely, good faith and meaningful exchange to determine an effective reasonable accommodations;

    c. Failed to make reasonable or any response to a request for an accommodation by Plaintiff;

    d. Disciplined and harassed Plaintiff on the basis of her disability;

  e. Disciplined and harassed Plaintiff in retaliation for making an accommodation request; and/or

  f. Was otherwise in violation of the ADA.

 37. As a result of Mundelein High School's discriminatory and retaliatory conduct, Plaintiff has sustained the following and ongoing damages:

  a. Loss of wages, benefits and income including 44 sick days;

  b. Humiliation, embarrassment, and emotional distress damages;

  c. Costs and attorneys' fees incurred to obtain reasonable accommodations and for the prosecution of this action;

  d. Prejudgment interest;

  e. Other losses to be determined.

WHEREFORE, plaintiff Michelle Peters respectfully requests the Court enter judgment in her favor and against defendant Mundelein Consolidated High School District No. 120 and entry of judgment as follows:

 A. A finding be entered that Mundelein High School intentionally violated the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*;

 B. Making the Plaintiff whole by paying for lost back pay, employee benefits, retirement benefits, liquidated and punitive damages to the extent available under law;

 C. Actual and compensatory damages;

 D. For attorney's fees and costs of this suit, including expert witness fees;

      E.     For pre-judgment interest in an amount to be determined at the time of trial; and

      F.     For such other relief as is just and equitable.

## PLAINTIFF DEMANDS A TRIAL BY JURY

                          Respectfully submitted,

                          /s/ Jeffrey R. Kulwin

Jeffrey R. Kulwin
KULWIN, MASCIOPINTO & KULWIN, L.L.P.
161 N. Clark, Suite 2500
Chicago, IL 60601
(t) 312-641-0300
(e) jkulwin@kmklawllp.com